# Exhibit 1

**CIVIL**
BENTON COUNTY SUPERIOR COURT
Case Information Cover Sheet (CICS)

**Case Number__23-2-02293-03_____**    Case Title Jane Doe v. T-Mobile USA, Inc., et al.

**Attorney Name Emma Aubrey**                    **Bar Membership Number 52076**

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time in docketing new cases, but helps in forecasting needed judicial resources. Cause of action definitions are listed on the back of this form. Thank you for your cooperation.    *Form updated*
7/24/2023    Abstract of Judgment

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ | ABL | Abusive Litigation | | ☐ | PIN | Personal Injury |
| ☐ | ALR | Administrative Law Review | | ☐ | PRA | Public Records Act |
| ☐ | ALRJT | Administrative Law Review-Jury Trial (L&I) | | ☐ | PRG | Property Damage – Gangs |
| ☐ | BAT | Ballot Title | | ☐ | PRP | Property Damages |
| ☐ | CHN | Non-Confidential Change of Name | | ☐ | QTI | Quiet Title |
| ☐ | CBC | Contractor Bond Complaint | | ☐ | RDR | Relief from Duty to Register |
| ☐ | COL | Collection | | ☐ | RFR | Restoration of Firearm Rights |
| ☐ | CON | Condemnation | | ☐ | SDR | School District-Required Action Plan |
| ☐ | COM | Commercial | | ☐ | SER | Subdivision Election Process Law Review |
| ☐ | CPA | Consumer Protection Act | | ☐ | SPC | Seizure of Property-Commission of Crime |
| ☐ | CPO | Civil Protection Orders | | ☐ | SPR | Seizure of Property-Resulting from Crime |
| ☐ | CRP | Pet. for Cert. of Restoration of Opportunity | | ☐ | TAX | Employment Security Tax Warrant |
| ☐ | DOL | Appeal Licensing Revocation | | ☐ | TAX | L & I Tax Warrant |
| ☐ | ECP | Enforce Canadian DV Protection Order | | ☐ | TAX | Licensing Tax Warrant |
| ☐ | EMP | Employment | | ☐ | TAX | Revenue Tax Warrant |
| ☐ | EOM | Emancipation of Minor | | ☐ | TMV | Tort – Motor Vehicle |
| ☐ | FJU | Foreign Judgment | | ☐ | TRJ | Transcript of Judgment |
| ☐ | FOR | Foreclosure | | X | TTO | Tort – Other |
| ☐ | FPO | Foreign Protection Order | | ☐ | TXF | Tax Foreclosure |
| ☐ | INJ | Injunction | | ☐ | UND | Unlawful Detainer – Commercial |
| ☐ | INT | Interpleader | | ☐ | UND | Unlawful Detainer – Residential |
| ☐ | LCA | Lower Court Appeal – Civil | | ☐ | VEP | Voter Election Process Law Review |
| ☐ | LCI | Lower Court Appeal – Infractions | | ☐ | VVT | Victims of Motor Vehicle Theft-Civil Action |
| ☐ | LUPA | Land Use Petition Act | | ☐ | WDE | Wrongful Death |
| ☐ | MAL | Other Malpractice | | ☐ | WHC | Writ of Habeas Corpus |
| ☐ | MED | Medical Malpractice | | ☐ | WMW | Miscellaneous Writs |
| ☐ | MHA | Malicious Harassment | | ☐ | WRM | Writ of Mandamus |
| ☐ | MSC2 | Miscellaneous – Civil | | ☐ | WRR | Writ of Restitution |
| ☐ | MST2 | Minor Settlement – Civil (No Guardianship) | | ☐ | WRV | Writ of Review |
| ☐ | PCC | Petition for Civil Commitment (Sexual Predator) | | ☐ | XRP | Extreme Risk Protection Order |
| ☐ | PFA | Property Fairness Act | | ☐ | XRU | Extreme Risk Protection Order Under 18 |

**IF YOU CANNOT DETERMINE THE APPROPRIATE CATEGORY, PLEASE DESCRIBE THE CAUSE OF ACTION BELOW**

._____

*Please Note:  Public information in court files and pleadings may be posted on a public Web site.*

t received by the WA Benton County Superior Court.

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF BENTON**

JANE DOE,

                Plaintiff,

    v.

T-MOBILE USA, INC. and WIRELESS VISION, LLC,

                Defendants.

Case No.: 23-2-02293-03

**SUMMONS ON COMPLAINT**

    A lawsuit has been started against you in the above-entitled court by Jane Doe, Plaintiff. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

    In order to defend against a lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within 20 days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what he or she asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

1

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

Ⓖ
C.A.GOLDBERG
PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

REDMOND LAW FIRM, PLLC
10612 SE 240TH ST, STE 5876
KENT, WA 98031
TEL: (855) 305-0909

t received by the WA Benton County Superior Court

1    You may demand that the plaintiff file the lawsuit with the court. If you do so, the demand

2    must be in writing and must be served upon the plaintiff. Within 14 days after the service of the

3    demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons

4    and complaint will be void.

5    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

6    that your written response, if any, may be served on time.

7

8    This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

9    of Washington.

10    DATED:  November 17, 2023



11    By:_____

12    Emma Aubrey, WSBA #52076
Edward Redmond, WSBA, #58256

13    **REDMOND LAW FIRM PLLC**
10612 SE 240th St, STE 5876

14    Kent, WA 98031
Telephone: (855) 305-0909

15    Email: emma@redmondesq.com

16
By:/s/Carrie Goldberg_____

17    Carrie Goldberg (*pro hac vice* anticipated)
Laura Hecht-Felella (*pro hac vice* anticipated)

18    **C.A. GOLDBERG PLLC**
16 Court Street 33rd Floor

19    Brooklyn, NY 11241
Telephone: 646-666-8908

20    Email: carrie@cagoldberglaw.com

21        laura@cagoldberglaw.com

22    *Attorneys for Plaintiff*

23

24

25

26

27

28

2

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

C.A. GOLDBERG
PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

REDMOND LAW FIRM, PLLC
10612 SE 240TH ST, STE 5876
KENT, WA 98031
TEL: (855) 305-0909

t received by the WA Benton County Superior Court.

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF BENTON**

JANE DOE,

                Plaintiff,

    v.

**T-MOBILE USA, INC.** and **WIRELESS VISION, LLC,**

                Defendants.

Case No.: 23-2-02293-03

**COMPLAINT**

**(DEMAND FOR JURY TRIAL)**

JANE DOE ("Plaintiff")[1], represented by and through her counsel Redmond Law Firm PLLC and C.A. Goldberg, PLLC, alleges the following against Defendants T-MOBILE USA, INC. and WIRELESS VISION, LLC ("Defendants"):

**<u>INTRODUCTION</u>**

1.  T-Mobile, the third largest wireless carrier in the United States, has approximately 20,100 storefront locations where it offers cellular devices and phone plans for sale.

---

[1] Plaintiff proceeds under a pseudonym pursuant to Wash. Rev. Code Ann. § 7.110.040.

1

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

Ⓒ
C.A.GOLDBERG
PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

**REDMOND LAW FIRM, PLLC**
10612 SE 240TH ST, STE 5876
KENT, WA 98031
TEL: (855) 305-0909

2. Everybody knows that cellular devices contain consumers' most private communications, images, videos, searches, and more.

3. T-Mobile and the third parties it entrusts with the operations of its T-Mobile stores fail to use adequate administrative, technical, or physical safeguards to protect consumers privacy and data. They fail to effectively train employees about consumers' privacy or engage in background checks of its employees to ensure that consumers' privacy will be protected – and not exploited – when they go to a T-Mobile store. They have no functional procedures in place to ensure that only the primary account holder or authorized users have access to the data on a consumer's device.

4. T-Mobile has long known and turned a blind eye to its retail store employees routinely abusing their authority to illicitly obtain sensitive customer data under the guise of assisting customers with repairs and data transfers. For almost a decade, T-Mobile customers across the United States have regularly reported, evidenced by news stories and lawsuits, instances of retail store employees stealing their intimate videos, explicit photos, and bank accounts. Nevertheless, T-Mobile has failed to implement any common-sense security hardware or software to protect consumers from their data and privacy being exploited during ordinary transactions at the T-Mobile store.

5. T-Mobile has accepted the theft of customer data as a regular part of its business model. Despite repeatedly asserting its commitment to protecting customer information in misleading advertising, T-Mobile has taken zero effectual preventive action to protect customer privacy against its own employees.

6. On Saturday, October 22, 2022, the T-Mobile store in Columbia Center Mall in Kennewick, WA was offering consumers an incentive to upgrade to a more expensive device. Consumers who purchased a new phone could get a credit on the purchase if they deposited their old device at the store. An employee named, De'aundre Marcel Louis Gomez ("Gomez"), was

2

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

C.A. GOLDBERG
PLLC • NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

REDMOND LAW FIRM, PLLC
10612 SE 240TH ST, STE 5876
KENT, WA 98031
TEL: (855) 305-0909

1  trusted to interface with employees and access their personal data in the scope of his job. Upon

2  information and belief, Mr. Gomez was not subject to a criminal background check when he was

3  hired, and he was not trained on issues of consumer privacy.

4

5      7.   On October 22, 2022, Plaintiff Jane Doe, 26, went to the T-Mobile store at the

6  Kennewick Center Mall to upgrade her iPhone. In the scope of his job, Mr. Gomez offered to

7  migrate Jane's data from her old phone to her new one.

8      8.   Unbeknownst to Jane, while her device was in the custody of T-Mobile, Mr. Gomez

9  secretly stole intimate images and videos of Jane off her phone and distributed them. Gomez had

10  accessed her old phone without authorization, hacked into a social media account, and using Jane's

11  Snapchat account, distributed nude images and a sex video of Jane on Snapchat.

12

13     9.   When Jane returned to the T-Mobile store later that night with her mom, the employees

14  and managers engaged in a cover-up, falsely claiming there had been no trade-ins that day.

15     10. Through additional advocacy by Jane, her mom, local police, and mall security, Jane's old

16  device was found in the back room of the T-Mobile store and obviously tampered with.

17     11. Rather than helping Jane out in the face of the sexual privacy crime, the T-Mobile manager

18  said if Jane wanted access back to the old device that had been weaponized against her, Jane would

19  need to pay them the amount that they had discounted her for the trade-in. Jane's mother on Jane's

20

21  behalf surrendered and paid the amount.

22     12. As a result of Defendants' employee's conduct, for which Defendants are vicariously

23  liable, Jane suffered substantial harms. Jane brings this action to redress her pain and suffering.

24

25                                    **PARTIES**

26     13. Plaintiff Jane Doe is an individual residing in Richland, Washington. Pursuant to Wash.

27  Rev. Code Ann. § 7.110.040, she proceeds herein under a pseudonym in place of her true name.

28

3

C.A.GOLDBERG
PLLC, NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

REDMOND LAW FIRM, PLLC
10612 SE 240TH ST, STE 5876
KENT, WA 98031
TEL: (855) 305-0909

t received by the W. Benton County Superior Court.

14. Defendant T-Mobile USA, Inc. is a Delaware corporation with its principal place of business at 12920 SE 38th Street, Bellevue, Washington, 98006, in King County.

15. Defendant Wireless Vision, LLC is a limited liability company registered with the Washington State Department of Revenue. It is organized under the laws of the State of Michigan, with its principal office at 40700 Woodward Avenue, Suite 250, Bloomfield Hills, Michigan, 48304.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this action because Defendants' conduct giving rise to the claims described herein occurred in the State of Washington, County of Benton.

17. Venue is proper in this Court because Defendants' conduct giving rise to the claims described herein occurred in the State of Washington, County of Benton.

## FACTUAL ALLEGATIONS

*T-Mobile's dominance in the wireless industry*

18. T-Mobile is the third largest wireless carrier in the United States.

19. Founded in 1994 under a different name, it is one of the oldest and most ubiquitous wireless network operators with reportedly 116.7 million subscribers as of June 2023.

20. T-Mobile has approximately 20,100 storefront locations where it offers cellular devices and phone plans for sale.

21. The storefront locations are a combination of 1) shops directly owned by T-Mobile, 2) shops operated by third parties that have exclusive retail contracts with T-Mobile and that use its branding, t-mobile.com website, and 3) shops that are operated by third parties with non-exclusive contracts with T-Mobile.

22. T-Mobile's largest, exclusive third-party retailer in the United States is Wireless Vision which operates over 500 T-Mobile locations across 25 states.

4

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

C.A. GOLDBERG
BKLN - NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

REDMOND LAW FIRM, PLLC
10612 SE 240TH ST, STE 5876
KENT, WA 98031
TEL: (855) 305-0909

t received by the WA Benton County Superior Court

23. The T-Mobile stores operated by Wireless Vision are entirely branded with T-Mobile – using T-Mobile logos and appearing on the T-Mobile website.  At the stores, there is zero trace that a third party might be running them.

24. One T-Mobile store operated by Wireless Vision is located inside Columbia Center Mall in Kennewick, Washington.

***T-Mobile induces customers to relinquish their old Phone to upcharge for a new one***

25. At all relevant times, Columbia Center Mall T-Mobile store was offering an incentive to consumers encouraging them to trade in their devices. If consumers upgraded their phone to a newer model, they could get a credit on the price of the newer model if they relinquished their old one at the store. The T-Mobile store offered consumers in-store, turn-key service to migrate their data – pictures, apps, contacts, etc. – from their old device to their new device.

26. The T-Mobile migration process requires that consumers provide instruction to the staff member to unlock their phones so the data to be migrated is accessible to them. T-Mobile is aware that this process creates privacy vulnerabilities.

***T-Mobile has long known some customers' sexual privacy will be criminally exploited during device upgrade process***

27. T-Mobile has long known and turned a blind eye to its retail store employees routinely abusing their access to customers' most intimate information stored on their devices.

28. T-Mobile customers across the country – including in New York, New Jersey, South Carolina, Florida, and Colorado – have sued T-Mobile upon discovering that its retail employees stole their data and exploited their privacy during device upgrades. News outlets have reported similar instances across the country as well.[2]

---

[2] *See, e.g.*, Graham Cawthon, *Lawsuit Claims Beaufort Cell Phone Store Employee Stole Nude Photos from Customers' Devices*, WJCL (Oct. 24, 2023), https://www.wjcl.com/article/beaufort-alfonso-estrella-

5

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

C.A. GOLDBERG
PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

REDMOND LAW FIRM, PLLC
10612 SE 240TH ST, STE 5876
KENT, WA 98031
TEL: (855) 305-0909

t received by the WA Benton County Superior Court

29. Despite its knowledge of regular violations of customer privacy by its retail employees, T-Mobile has neglected to improve its policies or procedures to hire and supervise responsible employees or to impose checks and balances via technology and store surveillance to deter or recognize unlawful incidents.

30. Instead, T-Mobile misleadingly represents to its consumers that it has safeguards in place to protect their data. For example, T-Mobile's Privacy Notice states:

> We use administrative, technical, contractual, and physical safeguards designed to protect your data. For example, when you contact us by phone or visit us in our stores, we have procedures in place to make sure that only the primary account holder or authorized users have access.

31. T-Mobile has accepted privacy violations and the theft of customer data as a regular part of its business model – sacrificing consumer privacy in service of profits, resulting in over 15 billion in service revenue for the company this year.

***T Mobile criminally exploits Jane Doe's sexual privacy during device upgrade process.***

32. Between approximately 1:00pm and 2:00pm on or about Saturday, October 22, 2022, Plaintiff Jane Doe visited the T-Mobile store inside Columbia Center Mall to trade in her iPhone XS Max for a credit towards a new, upgraded iPhone 14 Pro Max.

//

---

t-mobile-lawsuit/45627007; Gabrielle Fonrouge, *The Rise of The Modern-Day 'Peeping Tom': How Creeps are Stealing Nude Images Off Phones*, NEW YORK POST (May 19, 2022), https://nypost.com/2022/05/19/the-modern-day-peeping-tom-how-creeps-steal-nudes-off-phones; Kathryn Varn, *Woman Suing T-Mobile Store Employee Who Stole Sex Video from Phone*, TAMPA BAY TIMES (Mar. 2, 2018), https://www.tampabay.com/news/courts/civil/Woman-suing-T-Mobile-store-employee-who-stole-sex-video-from-phone_165923660/; Cyrus Farivar, *Woman Sues T-Mobile After Employees Allegedly Snoop on Racy Private Video*, ARS TECHNICA (Jan. 17, 2019), https://arstechnica.com/tech-policy/2019/01/woman-sues-t-mobile-after-employees-allegedly-snoop-on-racy-private-video/; Tribune Media Wire, *Woman Says T-Mobile Store Employee Stole Her Nude Photos*, FOX6 (Nov. 3, 2017), https://www.fox6now.com/news/woman-says-t-mobile-store-employee-stole-her-nude-photos; Margaret Grigsby, *Va. T-Mobile Employee Arrested afte Forwarding Customer's Nude Photo to Self*, 10 NEWS (July 24, 2015), https://www.wsls.com/news/2015/07/24/va-t-mobile-employee-arrested-after-forwarding-customers-nude-photo-to-self/.

6



C.A. GOLDBERG
PLLC, NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

REDMOND LAW FIRM, PLLC
10612 SE 240TH ST, STE 5876
KENT, WA 98031
TEL: (855) 305-0909

33. At the T-Mobile store, Jane was assisted in transferring her data from her iPhone XS Max to the new iPhone 14 Pro Max by Defendants' employee, De'aundre Marcel Louis Gomez, Sales Representative #791.

34. Defendants' employee, Mr. Gomez, required Jane to enter her password several times. When the data transfer was complete, Defendants' employee, Mr. Gomez, affixed a sticker to Jane's old iPhone XS Max, covering the majority of the screen. Mr. Gomez put the iPhone XS Max in a bubble wrap envelope and seemed to place the envelope under the store counter.

35. Upon information and belief, the purpose of affixing the sticker to the iPhone's screen was to provide an apparent assurance that the device would not be tampered with before it was reconditioned by Defendant T-Mobile.

36. Jane reasonably believed at this time that her old iPhone XS Max would be wiped of all data and returned to factory settings.

37. Jane exited the T-Mobile store with her new iPhone 14 Pro Max, leaving her old iPhone XS Max at the store as a trade-in for an applied credit towards her purchase.

38. On or about 6:30pm the same day, Jane checked her social media accounts on her new iPhone 14 Pro Max.

39. To her shock, she discovered that an unauthorized person had accessed her Snapchat account and disseminated explicit photos of Jane in lingerie, nude photos of Jane, and a video of Jane and her partner having sexual intercourse.

40. This media, which had been sent to a Snapchat account "duders143," had originally been stored on the camera roll of the iPhone XS Max that Jane traded in at T-Mobile.

41. Anxious and concerned, Jane hastily returned to the T-Mobile store with her mother speak to the store manager.

7

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

C.A. GOLDBERG
PLLC, NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

REDMOND LAW FIRM, PLLC
10612 SE 240TH ST, STE 5876
KENT, WA 98031
TEL: (855) 305-0909

received by the WA Benton County Superior Court

42. During this time, while Jane was seeking assistance at the T-Mobile store, the unauthorized person continued to log into her social media accounts on the iPhone XS Max.

43. In addition, through the iPhone XS Max, the unauthorized person had access to Jane's banking information, a copy of her social security card on a tax application used by a former employer, and credit card information.

44. The Defendants' employees at the T-Mobile store obstructed Jane's attempts to speak to a store manager until Kennewick Police Department (Kennewick PD) and mall security intervened. Defendants' store manager, Mr. Francisco Villa, accompanied Kennewick PD and mall security to the back room and questioned Mr. Gomez regarding the whereabouts of Jane's iPhone XS Max. Mr. Gomez claimed the phone was in the front area of the store. Another of Defendants' employees, Luis Mendez, falsely claimed that there had been no trade-ins that day.

45. Ultimately, Defendants' store manager Mr. Villa, Kennewick PD, and mall security went back to the store's storage room, this time accompanied by Defendants' employee Mr. Gomez. Mr. Gomez pointed directly to Jane's phone in the storage bin, suggesting that the phone had been in his possession and he knew all along where the phone was located.

46. Defendants' store manager, Mr. Villa, returned the iPhone XS Max to Jane. The sticker on the phone had been removed.

47. Mr. Villa reversed the trade-in transaction, requiring Jane's mother to pay for the iPhone XS Max.

48. During this time, Jane's mother was speaking with Defendant T-Mobile's corporate customer service, providing updates on the ongoing situation, and informing the corporate representative of the private and personal nature of the media that had been accessed and disseminated.

8

C.A. GOLDBERG
BKLN-NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

t received by the WA Benton County Superior Court.

49. The following day, on or about October 23rd, 2022, the Kennewick PD conducted further investigations.

50. Kennewick PD executed a warrant on Snapchat. They determined that the "duders143" account belonged to Defendants' employee De'aundre Marcel Louis Gomez and that location data showed that the images had been downloaded at Columbia Center Mall.

51. Moreover, on Snapchat, Mr. Gomez had discussed the police investigation with another of Defendants' employees, Mr. Mendez.

52. Defendants' employee, Mr. Gomez, was charged with first degree computer trespass, a felony, and disclosing intimate images. Upon information and belief, this is not Mr. Gomez's first encounter with law enforcement and he pled guilty as charged on October 19, 2023, for these offenses.

53. Upon information and belief, Mr. Gomez was previously charged with the hit and run of an attended vehicle, maintaining a public nuisance, assault, and possession of a controlled substance. The latter resulted in a conviction of a Class C Felony.

54. Jane later discovered that the T-Mobile store located at the Columbia Center Mall was one of several hundred T-Mobile stores operated by Defendant, Vision Wireless LLC.

55. There are several indications that Defendant Vision Wireless LLC operated the store poorly – including the fact the cameras in the back room did not work and Kennewick PD noting that the manager's office smelled strongly of cannabis on October 23, 2022.

56. Previously, Jane was wholly unaware that the T-Mobile store, which featured prominent signage displaying T-Mobile's marks and marketing materials, was operated by Defendant Vision Wireless, LLC. She had chosen the store in order to effectuate a transaction with Defendant T-Mobile USA, Inc.

9

C.A.GOLDBERG
BKLYN•NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

REDMOND LAW FIRM, PLLC
10612 SE 240TH ST, STE 5876
KENT, WA 98031
TEL: (855) 305-0909

t received by the WA Benton County Superior Court

### FIRST CAUSE OF ACTION
#### Negligence
*Against all Defendants*

57. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-56 as though fully set forth herein.

58. Defendants have a duty of care to its customers, including Plaintiff, to safeguard the privacy of their personal data; to safeguard customer devices when they are in the possession of Defendants; and to protect customers lawfully on Defendants' store premises from the propensity of its employees to steal sensitive data;

59. Defendants breached the above-stated duties;

60. Defendants breach of the above-stated duty resulted in injury and damage to Plaintiff and

61. Defendant's negligence was the proximate cause of Plaintiff's injuries.

### SECOND CAUSE OF ACTION
#### Intrusion Upon Solitude or Seclusion
*Against all Defendants*

62. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-61 as though fully set forth herein.

63. Defendants deliberately intruded, physically or otherwise, into Plaintiff's solitude, seclusion, or private affairs or concerns when Defendants' employee intentionally removed the sticker affixed to Plaintiff's iPhone's screen to signify that the contents of the device would remain private, entered in the password he had obtained under false pretenses, and searched through accounts he lacked authorization to access to find and transmit explicit and intimate images of Plaintiff;

64. In a manner that would be highly offensive to a reasonable person;

65. Defendants' employee Gomez was acting within the scope of his employment. Defendants are vicariously liable for Gomez's conduct.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

C.A.GOLDBERG
*PLLC • NEW YORK*
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

REDMOND LAW FIRM, PLLC
10612 SE 240TH ST, STE 5876
KENT, WA 98031
TEL: (855) 305-0909

*t received by the WA Benton County Superior Court*

**THIRD CAUSE OF ACTION**
Outrage
*Against all Defendants*

66. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-65 as though fully set forth herein.

67. Defendants engaged in extreme and outrageous conduct when Defendants' employee intentionally removed the sticker affixed to Plaintiff's iPhone's screen to signify that the contents of the device would remain private, entered in the password he had obtained under false pretenses, and searched through accounts he lacked authorization to access to find and transmit explicit and intimate images of Plaintiff;

68. This conduct intentionally or recklessly caused Plaintiff to suffer emotional distress so severe that no reasonable person could be expected to endure it; and

69. Defendants' employee Mr. Gomez was acting within the scope of his employment. Defendants are vicariously liable for Mr. Gomez's conduct.

**FOURTH CAUSE OF ACTION**
Negligent Misrepresentation
*Against all Defendants*

70. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-69 as though fully set forth herein.

71. Defendants represented to their customers, including Plaintiff, that they would safeguard the privacy of their personal data, safeguard customer devices when they are in the possession of Defendants, and protect customers lawfully on Defendants' store premises from the propensity of its employees to steal sensitive data;

72. This representation was false;

73. Defendants knew or should have known that this representation was supplied to guide the Plaintiff in her business transactions;

74. Defendants were negligent in communicating this false information;

11

C.A. GOLDBERG
PLLC-NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

REDMOND LAW FIRM, PLLC
10612 SE 240TH ST, STE 5876
KENT, WA 98031
TEL: (855) 305-0909

t received by the WA Benton County Superior Court

75. Plaintiff relied on the false information;

76. Plaintiff's reliance was reasonable, and

77. The false information proximately caused Plaintiff to suffer serious emotional and psychological injuries.

## FIFTH CAUSE OF ACTION
### Negligent Hiring and Retention
### *Against all Defendants*

78. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-77 as though fully set forth herein.

79. Defendants owed a duty of care to its customers including Plaintiff in hiring employees who are entrusted with sensitive and private customer information;

80. Defendants did not exercise reasonable care in hiring Mr. Gomez;

81. Defendants knew or, in the exercise of ordinary care, should have known that the Mr. Gomez had dangerous tendencies or was unfit when he was hired and/or retained; and

82. Defendants' actions proximately caused Plaintiff's injuries.

## SIXTH CAUSE OF ACTION
### Uniform Civil Remedies for Unauthorized Disclosure of Intimate Images Act
### *Against all Defendants*
### Wash. Rev. Code Ann. § 7.110.020

83. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-82 as though fully set forth herein.

84. Defendants intentionally disclosed intimate images and videos depicting Plaintiff;

85. Plaintiff is identifiable and suffered harm from the intentional disclosures;

86. Defendants knew or acted with reckless disregard for whether Plaintiff consented to the disclosure, the intimate image was private, and Plaintiff was identifiable; and

87. Defendants' employee Mr. Gomez was acting within the scope of his employment Defendants are vicariously liable for Mr. Gomez's conduct.

12

Ⓖ
C.A. GOLDBERG
PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

t received by the WA Benton County Superior Court.

1

2

**SEVENTH CAUSE OF ACTION**
**Sexual Harassment**
**Wash. Rev. Code Ann. § 49.60.215**
*Against all Defendants*

3

4

88.  Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-87 as though fully set forth herein.

5

6

89. Defendants' employee, Gomez, committed an act of sexual harassment towards a customer, Plaintiff, in a place of public accommodation; and

7

8

90. Defendants are strictly liable for Gomez's conduct under the accommodations provision of Washington Law Against Discrimination (WLAD).

9

10

**EIGHTH CAUSE OF ACTION**
**Consumer Protection Act**
*Against all Defendants*

11

12

91.  Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-90 as though fully set forth herein.

13

14

92. It is a crime to hack and to distribute private and nude images of another person.

15

16

93. It was foreseeable to all defendants that consumers including Plaintiff were at risk of the exact sexual privacy violations that befell her.

17

18

94. Defendants' conduct violates state and federal law.

19

95. Defendants engaged in unfair and deceptive conduct under the Consumer Protection Act

20

including by making representations that it maintained privacy and data safeguards, by

21

deceptively holding out stores as T-Mobile that were operated by third parties, by employing

22

irresponsible individuals to access consumer's private data.

23

96. Defendant's conduct is unlawfully deceptive.

24

25

97. Such conduct was directed at adults, children, and vulnerable adults alike.

26

98. Such conduct was in trade or commerce in Washington.

27

28

13

C.A. GOLDBERG
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

REDMOND LAW FIRM, PLLC
10612 SE 240TH ST, STE 5876
KENT, WA 98031
TEL: (855) 305-0909

*t received by the WA Benton County Superior Court.*

99. Defendants charged money for the products and services it provided to Plaintiff and other consumers.

100.    Defendants' unfair or deceptive acts are injurious to the public interest in Washington because they violate consumers' most intimate privacy.

101.    Defendants' unfair or deceptive acts injured Jane and has the capacity to injure other persons and continues to have the capacity to injure other persons.

### NINTH CAUSE OF ACTION
**Civil Action Relating to Disclosure of Intimate Images**
**15 U.S. Code § 6851**
*Against all Defendants*

102.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-101 as though fully set forth herein.

103.    Defendants' employee, Mr. Gomez, disclosed intimate visual depictions of Jane, including identifiable depictions of her nude and engaging in sexually explicit conduct, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce;

104.    These disclosures occurred without Jane's consent;

105.    Defendants' employee, Mr. Gomez, knew, or recklessly disregarded, that Jane had not consented to such disclosure;

106.    Giving rise to liability for liquidated damages, in addition to other relief; and

107.    Defendants' employee Mr. Gomez was acting within the scope of his employment Defendants are vicariously liable for the conduct of their employee Mr. Gomez.

//

//

//

14

C.A. GOLDBERG
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

REDMOND LAW FIRM, PLLC
10612 SE 240TH ST, STE 5876
KENT, WA 98031
TEL: (855) 305-0909

t received by the WA Benton County Superior Court.

## TENTH CAUSE OF ACTION
### Computer Fraud & Abuse Act
### 18 U.S.C. § 1030
#### *Against all Defendants*

108.     Jane re-alleges and incorporates by reference the allegations in paragraphs 1-107 as though fully set forth herein.

109.     Defendants intentionally accessed Jane's iPhone XS Max, a computer, without authorization or by exceeding the authorization he did have;

110.     Defendants intentionally accessed Jane's Snapchat account without authorization;

111.     By means of such conduct, Defendants obtained information from a protected computer;

112.     As a result, Jane suffered loss aggregating at least $5,000 during a one-year period; and

113.     Defendants' employee Gomez was acting within the scope of his employment. Defendants are vicariously liable for Gomez's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. Damages, including general and special damages, in an amount to be determined at trial;

B. Punitive damages;

C. Actual damages, treble damages, declaratory and injunctive relief, attorney fees, and other equitable relief under the Consumer Protection Act; and

D. Such other and further relief that the Court deems just and proper.

//

//

//

15

C.A. GOLDBERG
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

**REDMOND LAW FIRM, PLLC**
10612 SE 240TH ST, STE 5876
KENT, WA 98031
TEL: (855) 305-0909

t received by the WA Benton County Superior Court.

1   DATED: November 17, 2023

2

3                    By: _____

Emma Aubrey, WSBA #52076

Edward Redmond, WSBA #58256

4                **REDMOND LAW FIRM PLLC**

10612 SE 240th St, STE 5876

5                Kent, WA 98031

Telephone: (855) 305-0909

6                Email: emma@redmondesq.com

7

8                By:/s/Carrie Goldberg _____

Carrie Goldberg (*pro hac vice* anticipated)

Laura Hecht-Felella (*pro hac vice* anticipated)

9                **C.A. GOLDBERG PLLC**

16 Court Street 33rd Floor

10              Brooklyn, NY 11241

Telephone: 646-666-8908

11              Email: carrie@cagoldberglaw.com

12                     laura@cagoldberglaw.com

13              *Attorneys for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

C.A. GOLDBERG
PLLC • NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

REDMOND LAW FIRM, PLLC
10612 SE 240TH ST, STE 5876
KENT, WA 98031
TEL: (855) 305-0909

t received by the WA Benton County Superior Court.

1

## DEMAND FOR JURY TRIAL

2

3       Plaintiff demands a jury trial of all triable issues.

4

5       DATED:  November 17, 2023

6

7

8       By:
        Emma Aubrey, WSBA #52076
9       Edward Redmond, WSBA #58256
        **REDMOND LAW FIRM PLLC**
10      10612 SE 240th St, STE 5876
        Kent, WA 98031
11      Telephone: (855) 305-0909
        Email: emma@redmondesq.com
12

13      By:/s/Carrie Goldberg
        Carrie Goldberg (*pro hac vice* anticipated)
14      Laura Hecht-Felella (*pro hac vice* anticipated)
        **C.A. GOLDBERG PLLC**
15      16 Court Street 33rd Floor
        Brooklyn, NY 11241
16      Telephone: 646-666-8908
        Email: carrie@cagoldberglaw.com
17              laura@cagoldberglaw.com

18      *Attorneys for Plaintiff*

19

20

21

22

23

24

25

26

27

28
COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

C.A.GOLDBERG
PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

REDMOND LAW FIRM, PLLC
10612 SE 240TH ST, STE 5876
KENT, WA 98031
TEL: (855) 305-0909

t received by the WA Benton County Superior Court.