FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 14, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JANE DOE,<br><br>     Plaintiff,<br><br>     v.<br><br>T-MOBILE USA, INC. and WIRELESS VISION, LLC,<br><br>     Defendants. | No. 4:23-CV-05166-SAB<br><br>**ORDER GRANTING UNOPPOSED MOTION TO PROCEED UNDER PSEUDONYM** |

    Before the Court is Plaintiff's Unopposed Motion to Proceed under Pseudonym, ECF No. 29. The motion was heard without oral argument. Plaintiff is represented by Carrie Goldberg, Emma Aubrey, and Laura Hecht-Felella. Defendant T-Mobile USA is represented by Caroline Morgan and Sean Russel. Defendant Wireless Vision, LLC is represented by Kristin Meier, Perie Koyama, and Sean Russel.

    Plaintiff has used the pseudonym Jane Doe instead of her real name in court filings. She asks the Court for permission to continue to do so in pretrial public filings. She indicates that Defendant knows her real name.

### Background Facts

    The following facts are taking from Plaintiff's Amended Complaint:

    After Plaintiff purchased a new iphone, an employee the T-Mobile store at the Kennewick Center Mall offered to migrate the data from her old phone to her

**ORDER GRANTING UNOPPOSED MOTION TO PROCEED UNDER PSEUDONYM ~ 1**

new one. Unbeknownst to Plaintiff, while her device was in the custody of T-Mobile, the employee stole intimate images and videos of Plaintiff off her phone and distributed them. The employee accessed her old phone without authorization, hacked into a social media account, and using her Snapchat account, distributed nude images and a sex video of Plaintiff on Snapchat.

Plaintiff brought suit against Defendants in Benton County Superior Court. Defendants removed the action to the Eastern District of Washington. After Defendants moved to dismiss the action, Plaintiff filed an Amended Complaint, alleging the following claims: (1) negligence; (2) intrusion upon solitude or seclusion; (3) outrage; (4) negligent misrepresentation; (5) negligent hiring and retention; (6) unauthorized disclosure of intimate images; (7) sexual harassment; (8) Washington Consumer Protection Act; (9) Civil Action Relating to Disclosure of Intimate Images, 15 U.S.C. § 6851, (10) Computer Fraud & Abuse Act, 18 U.S.C. § 1030; (11) Trespass to Chattels; and (12) Conversion.

**Motion Standard**

Rule 10(a) requires that the title of every complaint "include the names of all the parties." Thus, the normal presumption in litigation is that parties must use their real names. *Does v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036 (9th Cir. 2010). Even so, the Ninth Circuit has permitted parties to proceed anonymously when special circumstances justify secrecy. *Does I thru XXIII v. Advanced Textile Corp.*, 1067-68 (9th Cir. 2000); *see also e.g. Roe v. Wade*, 410 U.S. 113 (1973). Specifically, the Ninth Circuit allows parties to use pseudonyms in the "unusual case" where nondisclosure of the parties' identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment. *Advanced Textile Corp.*, 214 F.3d at 1068 (quotation omitted). The Ninth Circuit asks whether the party's need for anonymity outweighs the prejudice to the opposing party and the public's interest in knowing the party's identity. *Id.* at 1069. Recognizing that the balance between the party's need for anonymity and

**ORDER GRANTING UNOPPOSED MOTION TO PROCEED UNDER PSEUDONYM ~ 2**

the interests weighing in favor of open judicial proceedings may change as the litigation progresses, the Ninth Circuit requires district courts to determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. *Id.* at 1068. Finally, district courts must consider whether the public's interest in the case would be best served by requiring that the litigants reveal their identities. *Id.*

Washington law permits plaintiffs to proceed pseudonymously when they bring claims for unauthorized disclosure of intimate images. Wash. Rev. Code § 7.110.040.

## Analysis

Because Defendants know the real name of Plaintiff and therefore are not prejudiced, the focus of the Court's inquiry is whether the public's interest in the case would be best served by requiring Plaintiff to reveal her identity. The Court finds that it would not.

While the alleged facts are concerning and may impact future phone purchaser's privacy, the name of Plaintiff is not relevant to those concerns. Moreover, requiring Plaintiff to reveal her name may chill others who experienced similar situations from participating in legal proceedings for fear of further invasions of their privacy. Finally, Plaintiff would be entitled to proceed pseudonymously if she was in state court. The Court cannot discern any legitimate reason to not afford her the same protections in federal court.

//
//
//
//
//
//
//

**ORDER GRANTING UNOPPOSED MOTION TO PROCEED UNDER PSEUDONYM ~ 3**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Unopposed Motion to Proceed under Pseudonym, ECF No. 29, is **GRANTED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 14th day of February 2024.



Stanley A. Bastian
Chief United States District Judge

ORDER GRANTING UNOPPOSED MOTION TO PROCEED UNDER PSEUDONYM ~ 4